BARRY J. PORTMAN
Federal Public Defender
RONALD C. TYLER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROGER MAI,<br>Defendant. | No. CR 07-0628 JSW<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

**INTRODUCTION**

On November 15, 2007, Roger Mai pleaded guilty to making a series of false claims to the United States. His plea was pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure. Pursuant to the plea, though he has no prior record, he agrees to a joint recommendation of twenty-four months in prison. The Probation Office joins in the recommendation of the parties. Sentencing is now set for February 21, 2008.

//

//

//

//

//

## BACKGROUND

### I. Personal History

#### A. Childhood, Family Background and Mental Health

Roger Mai came to this country when he was eight years old.[1] He was born in Canton, China where he lived until his uncle sponsored his family as immigrants to the United States. From his arrival until the present day, Roger has lived in San Francisco in his parents' home. Roger's brother, Lawrence, has described their childhood as a time of nurturing by their mother and verbal abuse by their father. Lawrence is now a game designer living in Redwood City.

Roger Mai graduated from Galileo High School in 1993. He spent the first six years after high school working on and off at Costco Wholesale as a cashier's assistant. He left that job in 1999, intending to live off of his savings. He has not had full-time employment since.

The probation officer has perceptively identified possible mental health issues. Roger Mai may be suffering from undiagnosed depression. His brother believes that he has both depression and self-esteem issues. The probation officer posits that gambling and depression may have influenced the choices Mr. Mai made in this case.

#### B. Prior Record

Roger Mai has no prior arrests or convictions.

#### C. Offense Conduct

Roger Mai admitted that he filed seventeen fraudulent 1040 forms in 2003. Tax refunds totaling $107,049 were deposited in his bank accounts. When confronted by IRS agents in December of 2003, he immediately admitted his guilt. He indicated that he wished to cooperate fully with the authorities. He did not contest the seizure of $53,013 in cash and savings bonds that were found at his home, pursuant to a search warrant.

---

[1] Unless otherwise indicated, the PSR is the source for all facts referenced herein.

For almost four years after his encounter with the agents, no further action was taken against Mr. Mai. Although he was aware of the eventuality of prosecution, he did not flee the jurisdiction nor otherwise evade service of process in this matter. Finally, when a summons was issued in October of 2007, he promptly appeared in court.

One month after his initial appearance, Mr. Mai pleaded guilty to all charges. He agreed to a custody sentence based on guidelines well in excess of the actual loss in the case. He also agreed not to make any arguments for a reduction below the sentencing guidelines.

## DISCUSSION

In arriving at a just sentence, the Court should consider the opening lines of Title 18 U.S.C. § 3553: "the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. 3553(a). When those purposes are taken into account, the twenty-four month sentence sought by all parties represents a reasonable and just sentence.

### A. A Twenty-Four Month Sentence Would Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Deterrence, Protect the Public While Balancing Other Sentencing Goals.

Mr. Mai acknowledges that the court must impose a sentence in line with the seriousness of the crime and addressing punitive, deterrent and protective goals. A twenty-four month sentence accomplishes those goals. It is noteworthy that the proposed sentence is double that which would apply based only on the actual amount of loss. *See* U.S.S.G. § 2T4.1 (base offense level 16, final offense level 13 after acceptance, resulting sentencing range 12 to 18 months). Removing Roger Mai from his family and society for two years will amply demonstrate to him the need to respect the law and the dire consequences of failure to do so.

The punitive impact of the sentence is also evident when one considers Mr. Mai's family. His father is in poor health, nearly blind from diabetes complications. His mother was laid off from her job several years ago. Even though their son has not been a source of financial support, he has

provided physical and emotional support, particularly for his mother. She intends to be present at sentencing. Roger is acutely aware of the impending lost time with his family, notwithstanding his childhood difficulties with his father.

In terms of protecting society, Mr. Mai is not a dangerous individual who must be kept quarantined for the safety of the community. He has no other history of anti-social behavior. Consequently, the protective goals of sentencing are met without the need to impose a sentence greater than twenty-four months.

The jointly requested twenty-four month prison sentence will adequately deter any future crime. As a thirty-three year old man, Roger Mai is well past the age when persons embark on a career of criminal conduct. There is nothing in his history, or in the nature of this case, to suggest that he needs a longer sentence in order to be dissuaded from committing crime in the future.

Mr. Mai has also provided a personal letter to the Court reflecting on his misdeeds and the impact punishment will have on him. Exhibit A, attached. He writes poignantly of his concern for his parents. He describes the personal transformation he has undergone over the past four years. In particular, he now recognizes that criminal behavior is a completely inappropriate means of earning money. He is willing to accept his financial state, whatever it may be. He also writes of appreciating the simple pleasures that will be taken from him as a consequence of his wrongdoing.

Mr. Mai's personal statement, together with the matters set forth above, as well as such other material that may be presented at sentencing, demonstrate that the joint recommendation of the parties is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

//

//

//

//

**CONCLUSION**

For all of the foregoing reasons, Roger Mai respectfully requests that the Court impose a sentence of twenty-four months in prison, followed by three years of supervised release. He also agrees that the Court should impose an appropriate order of restitution and such other conditions of supervised release as the Court deems necessary.

Dated: February 14, 2008

                                        Respectfully submitted,

                                        BARRY J. PORTMAN
                                        Federal Public Defender

                                        /s/

                                        RONALD C. TYLER
                                        Assistant Federal Public Defender